## Thomas, etc., v. Thomas

*L. E. Baker*, for libellant.

*Jacob M. Goodyear*, for respondent.

REESE, P. J., September 4, 1942.—This is an action in divorce wherein the husband seeks an absolute divorce from his wife on the ground of adultery. The libel was filed on April 4, 1942, and the subpoena was awarded returnable May 11, 1942. Thereafter, on May 28, 1942, a petition was filed, asking for the appointment of a guardian ad litem for respondent, a minor, aged 17 years. A rule was granted and served on re-

spondent and, no answer having been filed, the court, on June 9, 1942, appointed a guardian ad litem for respondent. On June 10, 1942, the guardian ad litem entered an appearance and acknowledged receipt of a copy of the subpœna and libel. The record does not disclose that the subpœna and libel were personally served upon respondent. Section 27 of The Divorce Law of May 2, 1929, P. L. 1237, requires that where the respondent is a minor there must be personal service upon the minor and upon his or her guardian. In Linville v. Linville, 27 Del. Co. 388, and Fritz v. Fritz, 27 Del. Co. 598, it was held that where a respondent is a minor the subpœna and libel must be served upon him personally as well as upon his guardian. To the same effect is Pa. R. C. P. 2029 (a), which provides:

"Where a minor is a defendant, the original process in the action shall be served upon him in the manner prescribed for the service of like process upon an adult defendant."

In the present case there was no valid service nor the equivalent thereof upon the guardian of respondent. It appears that the guardian accepted service of the subpœna a month after the return day thereof. In 15 Standard Pa. Practice, p. 149, it is indicated that a subpœna in divorce must be served before the return day, i. e., up to and including the return day. Hence, service after the return day is invalid. This is entirely analogous to the rule that service of a summons made after the return day named in the writ is invalid: 1 Standard Pa. Practice, p. 471.

It follows, therefore, that we cannot enter a decree in divorce. The record must be returned to the files of the prothonotary, without prejudice to the right of libellant to take further proper proceedings by the issuance of an alias subpœna which can be properly served upon respondent and her guardian.

And now, September 4, 1942, a decree of divorce is refused, without prejudice to right of libellant to take further proper proceedings.